IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| DEAN MATLOCK, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 7:15-cv-75 |
| v. | § § | |
| O-TEX PUMPING, LLC | § § § | |
| Defendant. | § | |

### DEFENDANT O-TEX PUMPING, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

Defendant O-Tex Pumping, LLC ("Defendant") files its Original Answer to Plaintiff Dean Matlock's ("Plaintiff") Complaint (the "Complaint"), and would show the Court the following:

### I.  ANSWER

#### Summary

1. Defendant admits that Plaintiff worked in excess of forty hours in one or more weeks of his employment with Defendant. Defendant denies that Plaintiff was not properly compensated by Defendant. Defendant is without sufficient information to admit or deny what allegedly "similarly situated" employees Plaintiff is referring to in paragraph 1 of the Complaint, and, therefore, denies the allegations in paragraph 1 of the Complaint regarding any such employees. Defendant denies all other allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

## Jurisdiction and Venue

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

## The Parties

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6 of the Complaint regarding Plaintiff Dean Matlock's residence, so Defendant denies all such allegations. Defendant admits that Plaintiff's consent to this lawsuit is attached to the Complaint as Exhibit "A."

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the Complaint regarding Opt-in Plaintiff Joshua Tillery's residence, so Defendant denies all such allegations. Defendant admits that Opt-in Plaintiff Joshua Tillery's consent to this lawsuit is attached to the Complaint as Exhibit "B."

8. Defendant admits that Plaintiff defines the "Class Members" as "Defendant's hourly paid pump operators employed at any time during the three year period immediately preceding the filing of this suit." Defendant denies that class certification is proper under 29 U.S.C. § 216(b). Defendant denies all other allegations in paragraph 8 of the Complaint.

9. Defendant admits that it may be served through Defendant's registered agent in Texas, Mr. Jack Little, at HC Box 2, Graham, Texas, 76450.

## Coverage

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits that it was the employer of Plaintiff and of the Class Members, as defined by Plaintiff, but Defendant denies that class certification is proper under 29 U.S.C. § 216(b). Defendant denies all other allegations in paragraph 11 of the Complaint.

HOU:0025672/00002:1793918v2

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

### Factual Allegations

14. Defendant admits that it employed Plaintiff and the Class Members, as defined by Plaintiff, as pump operators and that part of their job includes providing primary and secondary specialty pumping services to Defendant's customers in the oil and gas industry. Defendant denies that class certification is proper under 29 U.S.C. § 216(b). Defendant denies all other allegations in paragraph 14 of the Complaint.

15. Defendant admits that in the three-year period preceding the filing of the Complaint, it paid its pump operators a base hourly rate, plus overtime at one-and-one-half times the base hourly rate for hours worked over 40 in a workweek.

16. Defendant admits that it paid "job bonuses" to its pump operators in the three-year period preceding the filing of the Complaint. Defendant admits that such "job bonuses" ranged from $75 to $125 per job. Defendant denies all other allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant admits that it did not include the "job bonuses" paid to its pump operators in the three-year period preceding the filing of the Complaint in the calculation of the pump operators' regular rate for purposes of calculating overtime. Defendant denies all other allegations in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff worked in excess of forty hours in one or more weeks of his employment with Defendant. Defendant denies all other allegations in paragraph 19 of the Complaint.

HOU:0025672/00002:1793918v2

## Class Allegations

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff claims the class of similarly situated plaintiffs is "all persons employed by Defendant as pump operators from May 29, 2012 through the present." Defendant denies that class certification is proper under 29 U.S.C. § 216(b). Defendant denies all other allegations in paragraph 29 of the Complaint.

## Causes of Action

30. No response is required to paragraph 30 of the Complaint. To the extent a response is required, Defendant incorporates its responses to paragraphs 1-29 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

HOU:0025672/00002:1793918v2

37. Defendant denies the allegations in paragraph 37 of the Complaint.

## Prayer

38. Defendant denies the allegations in Plaintiff's unnumbered prayer for relief against Defendant and further denies that Plaintiff is entitled to any such relief against Defendant.

39. All other allegations and averments of the Complaint not heretofore admitted or denied by Defendant are hereby denied.

### II. DEFENSES AND AFFIRMATIVE DEFENSES

40. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

41. The claims of Plaintiff Dean Matlock and Opt-in Plaintiff Joshua Tillery (collectively "Plaintiffs") contained in the Complaint are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

42. Plaintiffs' claims contained in the Complaint are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

43. Plaintiffs' claims in the Complaint and those of all Class Members, as defined by Plaintiff, are barred, in whole or in part, by Plaintiffs' exempt status under the Motor Carrier Act exemption to the FLSA, 29 U.S.C. § 213(b)(1).

44. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

45. Defendant did not willfully violate the FLSA with respect to Plaintiffs or any other individual.

HOU:0025672/00002:1793918v2

46. Plaintiffs are not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

47. Depending on the scope of the putative class, as to Plaintiffs and some or all Class Members, as defined by Plaintiff, the amount of any unpaid overtime was *de minimis*.

48. The claims of Plaintiffs and/or some or all Class Members, as defined by Plaintiff, are barred, in whole or in part, to the extent that Plaintiffs and any such individuals seek compensation for activities that are preliminary or postliminary to principle work activities that are not integral and indispensable to principle work activities.

49. To the extent Plaintiffs seek remedies against Defendant beyond those available under the statute upon which Plaintiffs' claims are based, such remedies are improper.

50. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, the claims of the Class Members, as defined by Plaintiff, are barred, in whole or in part, by their exempt status under the Motor Carrier Act exemption to the FLSA, 29 U.S.C. § 213(b)(1).

51. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

52. A class or collective action is inappropriate because Plaintiffs are not similarly situated to each other or the Class Members, as defined by Plaintiff, and the Class Members, as defined by Plaintiff, are not similarly situated to each other.

53. Plaintiffs are not proper representatives of the purported class Plaintiffs seek to represent, and the purported class is not a class which can properly be certified in this action.

HOU:0025672/00002:1793918v2

54. Collective action is inappropriate for the claims brought by Plaintiffs due to the varied factual circumstances, work history, and exemptions regarding the position, duties and responsibilities of Plaintiffs and each of the Class Members, as defined by Plaintiff.

55. The claims of Plaintiffs and the Class Members, as defined by Plaintiffs, are not proper for class certification because there are not questions of law or fact that are common to the class.

56. The claims of Plaintiffs and the Class Members, as defined by Plaintiff, are not proper for class certification because the claims or defenses of the representative parties are not typical of the claims or defenses of the Class Members, as defined by Plaintiff.

57. The claims of Plaintiffs and the Class Members, as defined by Plaintiff, are not proper for class certification because the named Plaintiffs, as the representative parties, will not fairly and adequately protect the interests of the Class Members, as defined by Plaintiffs.

58. The claims of Plaintiffs and the Class Members, as defined by Plaintiff, are not proper for class certification because the questions of law or fact that allegedly are common to the Class Members, as defined by Plaintiff, will not predominate over any questions affecting only individual Class Members, as defined by Plaintiff.

59. The claims of Plaintiffs and the Class Members, as defined by Plaintiff, are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

60. If this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses asserted for any of the claims of any Plaintiffs will apply equally to all plaintiffs who join in the class.

HOU:0025672/00002:1793918v2

61. Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant O-Tex Pumping, LLC prays that the Court dismiss Plaintiffs' Complaint, that Plaintiffs take nothing by their suit, that all relief prayed for by Plaintiffs in this action be denied, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

HOU:0025672/00002:1793918v2

                                              Respectfully submitted,

By: /s/ *J. Michael Rose*
J. MICHAEL ROSE
State Bar No. 24041819
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1684 (Telephone)
(713) 229-2626 (Facsimile)
mrose@lockelord.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT O-TEX PUMPING, LLC**

**OF COUNSEL FOR**
**DEFENDANT O-TEX PUMPING, LLC:**

B. BLUE HYATT
State Bar No. 24032452
LYNCH, CHAPPELL & ALSUP, P.C.
The Summit, Suite 700
300 North Marienfield
Midland, TX 79701
(432)683-3351 (Telephone)
(432)683-2587 (Facsimile)
bhyatt@lcalawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2015, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's Electronic Case Filing System.

> Jeremi K. Young
> Rachael Rustmann
> The Young Law Firm, P.C.
> 1001 S. Harrison, Suite 200
> Amarillo, Texas 79101

/s/ J. Michael Rose
J. Michael Rose

HOU:0025672/00002:1793918v2